# LEAANA L. FUATA, CLAIMANT

## v.

## I.S. MULITAUAOPELE and FOFOGAOTUMUA KONELIO MULITAUAOPELE, Objectors

[In the Matter of the Matai Title
"MULITAUAOPELE" of the Village of Lauli'i]

High Court of American Samoa
Land and Titles Division

MT No. 5-89

August 8, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, AFUOLA, Associate Judge, MATA'UTIA, Associate Judge, and TAIMANU, Associate Judge.

Counsel: For Claimant, Tau'ese P.F. Sunia
    For Konelio, Gata E. Gurr
    I.S. Mulitauaopele pro se

This case was tried on July 30, 1990. Claimant Leaana and objector Konelio each claim the right to hold the Mulitauaopele title as successor to the late Mulitauaopele Tamotu. (The Mulitauaopele title is frequently shortened to "Pele", and the two names are used interchangeably in this opinion.) Objector I.S. Mulitauaopele (hereinafter "Pele Ivi") claims that neither Leaana nor Konelio has the right to hold

the title. Pele Ivi contends that since he himself already holds the Mulitauaopele title, neither Samoan custom nor the law of the Territory allows the choosing of another title holder.

Leaana and Konelio agree that Pele Ivi is a lawful holder of the Pele title, but claim that they are descended from a distinct line of Pele title holders with which Pele Ivi has nothing to do.

### I.    The History of the Mulitauaopele Family or Families

It is undisputed that the late Pele Tamotu lawfully held the Mulitauaopele title for almost fifty years, and that during most of this time the title was also lawfully held by either Pele Ivi or his father, the late Pele Suiava. It is also undisputed that the family of Pele Tamotu family and that of Pele Suiava and Ivi are unrelated by blood, except insofar as some people happen to be descended from marriages between members of the two families. Pele Ivi claims, however, that Pele Tamotu was an "adopted" rather than a "blood" Mulitauaopele title holder; and that he, Pele Ivi, and his relatives have the legal and customary right to prevent the choosing of a successor to Pele Tamotu.

Pele Ivi's contention rests partly on an interpretation of the law regarding disputed claims to matai titles, A.S.C.A. § 1.0409, and partly on his version of the history of the Mulitauaopele family.

Each of the three parties has a somewhat different version of the history of the Mulitauaopele title. All agree, however, that the title originated with Mulitauaopele Leatisua, who was so designated after participating in a successful war against I'amafana of Upolu. Leatisua was succeeded by his only son, Manusega, who was succeeded in turn by his own only son, Manuleavi. Manuleavi had no natural children.

All parties agree that the line of Mulitauaopele title holders directly descended from Leatisua, the first title holder, ended with Manuleavi. All parties also agree that the title was then held successively by two brothers, Ta'ita'i and Fa'atoaga, who were not blood descendants of any previous Mulitauopele title holder but were related by marriage to Manuleavi.

### A.    The Pele Ivi Version of Family History

At this point the three versions of family history diverge. Pele Ivi claims that in 1872, after Pele Fa'atoaga had been dead for about five

years, "the family bestowed the title upon Tata, a blood member of the family." Pele Ivi does not claim, however, that Tata was a blood descendant of Leatisua or of any other Mulitauaopele title holder. Rather, Tata was descended from Tialavea, a son of Leatisua's sister. Pele Ivi contends that Tata, although not a direct descendant of the first title holder, should be regarded as a blood member of the family because of the Samoan custom of paying respect to one's sisters and to their descendants.

The next holder, according to Pele Ivi, was another descendant of Tialavea called Pele Fia, whose reign he says lasted from 1880 to 1909. Fia was succeeded by Tinoifili, Suiava, and Pele Ivi himself, all characterized as "blood members of the family" by virtue of their descent from a sister of the original title holder.

Pele Ivi acknowledges, however, that in about 1885 another person, Taliloa or Timaio, was selected to hold the Pele title and that "the family tolerated the affair." Taliloa was an adopted son of Manuleavi, the last Pele in the direct line of descent from the original holder Leatisua. He held the title along with Pele Fia until his death in 1908. Pele Ivi contends that the family reached an agreement in 1888 that Pele Taliloa would have no successors, and that there was in fact no successor until 1927 when Taliloa's son, Pele Pataua, was selected by the "adopted side" to hold the title. Pataua was succeeded in 1938 by his own son, Pele Tamotu, who served until his death in 1986.

Pele Ivi contends that his own relatives (the Mulitauaopele family of the Tata/Fia/Suiava line descended from Tialavea) had the right to bar Pataua and Tamotu from holding the title but chose not to do so because they were connected by marriage to the "true" (Tialavea) line. He maintains that he and his relatives now wish to put an end to the "adopted" line of Mulitauaopeles, and are entitled to do so by law and custom.

### B. The Leaana Version

Leaana offers a version of family history that agrees with that of Pele Ivi in many respects, including the identity and order of the first six title holders (Leatisua, Manusega, Manuleavi, Ta'ita'i, and Fa'atoaga) but differs thereafter in several important respects. According to his version, Fa'atoaga was immediately succeeded by Pele Esera, an adopted son of Manuleavi --- the last direct blood descendant of the original holder Leatisua --- and a natural son of Pele Ta'ita'i who was also known

65

as Liutoa. Pele Esera later moved to Alofau to hold the Fepulea'i title, leaving the Mulitauaopele title to be taken over by his brother Taliloa.

This Pele Taliloa (aka Timaio) was the same Taliloa acknowledged by Pele Ivi to have been chosen in about 1885 as a sort of alternate Pele. In the Leaana version, however, he was not only the adopted son of one former Pele title holder, but also the natural son of another Pele and the brother of yet another, and he succeeded directly in an unbroken line of succession from Ta'ita'i and Fa'atoaga rather than being chosen by a rump caucus as an alternative to a sitting Pele. In the Leaana version it is not Taliloa but Fia who was the spoiler, chosen by the descendants of Tialavea to be "their" Pele despite the prior existence of the line descended from Ta'ita'i.

Leaana also denies that there was any gap in his family's line of Peles after the death of Taliloa. Rather, he claims that Taliloa was succeeded by his brother Esera, the same Esera who had been his predecessor; he in turn was succeeded by Pele Veu, who was followed by Pataua and then Tamotu.

Leaana acknowledges, as he must, that the Leaana line (Ta'ita'i/Fa'atoaga/Esera/Taliloa/ Pataua/Tamotu) did not descend from the original Pele title holder. He maintains, however, that Manuleavi (the last direct descendant) had lived in the Leaana family and bestowed the title on Ta'ita'i, a member of that family to whom he was related by marriage, as an *igagato* (a reward for services rendered) or a *matu'upalapala* (an irrevocable "commission" made in contemplation of the dying out of the natural line).

Pele Ivi acknowledges that there was some sort of appointment of Ta'ita'i, but maintains that it was revocable by the "blood members" of the family (by which he means not the descendants of the first three Peles but those of Tialavea). Such a revocable appointment is called a *tofiga*. (Pele Ivi also denies that Ta'ita'i was a member of the Leaana family or related in any way to Taliloa and his descendants.)

### C.    *The Konelio Version*

Konelio's version of family history appears to be a hybrid of the Pele Ivi version and the Leaana version. (Significantly, Konelio is descended from both Pele families; his father was Pele Pataua of the Leaana or Taliloa line, and his mother was a member of the Fia/Suiava/Ivi or Tialavea line.) Konelio generally agrees with Leaana,

66

but acknowledges Esera only as the immediate successor to Taliloa and not also as his predecessor. He also agrees with Pele Ivi that Ta'ita'i was not the father of Esera and Taliloa, and therefore that the "adopted" line began with Taliloa. He does not, however, acknowledge the existence of a Pele Tata as successor to Fa'atoaga; in his version as in that of Leaana, it was the Tialavea line (Pele Ivi's line) that arose as a rival to the pre-existing Leaana line (Pele Tamotu's line) rather than vice versa.

## II.    Law and Custom

Pele Ivi relies on the case *In re High Chief Title Mauga*, 4 A.S.R. 132 (1974), for the proposition that there can be only one Pele family and one Pele title holder. Relying primarily on grounds of policy (e.g., the tendency of split titles to promote disharmony), the trial court in *Mauga* announced that it was overruling two prior cases upholding the lawfulness of "split titles." We need not decide in the present case how much of the broad language in the *Mauga* opinion should be regarded as dictum rather than holding, or whether the decision should be reversed as inconsistent with Samoan custom as it has actually evolved. It is enough to observe that the facts of the present case are sharply distinguishable from those on which the *Mauga* court relied, and that the practical result reached therein is quite different from the result Pele Ivi would have us reach in this case.

According to the Court in *Mauga*, it is consistent with law and custom for two or more persons to serve as joint holders of the same title. Such persons

> are tenants-in-common to a single traditional guesthouse site or tulaga-maota. . . In food distribution in council meetings, jointholders of a title are entitled to one share or tufaaga, customarily given to the holder or holders of the said title by tradition. Likewise in passing out food trays in official council lunches or taumafa-taga, their entitlement is one tray which is usually given to the oldest of the jointholders. With very few exceptions, jointholders are tenants-in-common also to all communal properties and lands belonging to the title.

*Id.* at 138.

The two Pele title holders are not "tenants-in-common" to a single guesthouse site; they have had separate guest houses since the memory of man runneth not to the contrary. It is undisputed that Pele Tamotu and Pele Ivi were given different food trays and that each was given his own traditional share of food in council meetings and other traditional events. Most important, the two families have different lands and, as far as the evidence reflects, always have had.

Moreover, the method endorsed by the *Mauga* Court for dealing with jointly held titles --- that whichever holder lives longest should have the right to succeed the others as sole title holder, and that when the last one dies every member of the various branches of the family shall have a say in choosing a successor --- is clearly inapplicable to the present case. The two Pele families are not related to each other by blood, and it would be contrary to Samoan custom for them to meet together as one family to choose a single title holder with pule over both families' lands and internal affairs.

Indeed, Pele Ivi is quite frank in admitting that the happy ending envisioned in *Mauga* is not at all what he has in mind for the Mulitauaopele family. Under the rule of *Mauga*, Pele Ivi should not have registered the Pele title upon the death of his father Pele Suiava; rather, Pele Tamotu should have been allowed to reign alone, and upon his death the relatives of Ivi, Leaana, and Konelio would have attempted to choose a single Pele. On the contrary, however, Pele Ivi maintains that the Pele Tamotu people are not members of the family at all. His side therefore had a right to choose a titleholder while Tamotu was still living, but Tamotu's side has no right to choose a successor while Ivi is living --- and will have no right to participate in the selection of the next Pele or any Pele ever again. This is clearly not the "jointholders" situation described by the *Mauga* Court. The decision is therefore not applicable.

If we believed that we were bound by law or custom to abolish one line of Peles or the other, we would not know which to abolish. Neither is directly descended from the original title holder. (On Pele Ivi's and Konelio's view of the facts, neither line is descended from any of the first six title holders.) The original descendants of the title died out over a hundred years ago with Manuleavi, and two distinct groups claimed the right to succeed the original Peles. One group (the Leaana or Tamotu group) was related to the title by marriage, adoption, and perhaps also by *igagato* or *matu'upalapala*. The other was related by collateral descent. (While the Court acknowledges that the traditional

68

respect for sisters has many consequences for family relations in Samoa, none of the Samoan judges is aware of any previous instance in which this respect has been advanced as the basis for a blood right to a matai title in one who is not *directly* descended from the title he claims. Certainly the decisions of this Court support no such right. No Samoan would confuse a "blood descendant of Malietoa" and a "blood descendant of the sister of Malietoa," nor is such confusion consistent with any of the formulae ever employed by the Court to determine "hereditary right" under A.S.C.A. § 1.0409(c)(1).) That neither the Tialavea nor the Leaana group has an indisputable right to the title is undoubtedly the reason for the "live and let live" situation that arose in the late 1800s and has endured until now.

Pele Ivi cautions that by allowing the family of Pele Tamotu to choose a successor we will be creating a dangerous precedent, perhaps giving rise to a whole new kind of matai system radically inconsistent with Samoan custom.[1] We are not, however, creating anything at all; we are merely declining to destroy something that has existed for at least a hundred years and that has been thoroughly integrated into the traditional institutions of the village, the Eastern District, and throughout Samoa.

### III.    The Qualifications of Leaana and Konelio

We proceed to examine the qualifications of each candidate to hold the title Mulitauaopele according to the four criteria set forth in A.S.C.A. § 1.0409(c).

Konelio has a better hereditary right than Leaana. Konelio's father was Pele Pataua, so according to the formula usually employed he has a 1/2 blood relation to the title. Leaana claims descent from the title through his great-grandfather, Pele Esera, and therefore has only a 1/8 right to the title. (Employing the alternate method of descent from a common ancestor, and accepting Leaana's position that Pele Ta'ita'i was

---

[1]    In order to make this argument, Pele Ivi found it necessary to allude to "Tutuila custom" distinct from customs elsewhere in Samoa. Counsel for the other parties, however, have cited several examples on Tutuila of situations similar to that of the Mulitauaopele title. We do not suggest that the splitting of titles within a single family, such as has become prevalent in Western Samoa primarily on account of the limitation of the electoral franchise to registered matai, would be legal under the statutory scheme governing matai titles in American Samoa, A.S.C.A. § 1.0401 et seq.

the father of Taliloa and Esera, Konelio would still prevail by a margin of 1/8 to 1/16.)

We calculate that the candidates are tied in clan support. The three customary clans of the family are Esera, Timaio, and Veu. (Konelio admits that the two clans listed in his questionnaire, Pataua and Kuka, are subdivisions of the Timaio grouping and at least in recent years have not been treated as customary clans within the family.) Leaana appears to have more support within the Esera clan and Konelio within the Timaio clan. The Veu clan seems to be a tiny one in which each candidate has a handful of supporters. Neither candidate has a majority or plurality of the clans.

On the third criterion, forcefulness, character, personality, and knowledge of Samoan custom, both candidates are strong. Leaana is if anything a bit too forceful, but has a fine record of service to the American Samoan and United States governments and, since his return to Samoa, to the family; Konelio's character is attested by his obvious sincerity and good humor as well as by two Purple Hearts, a Silver Star, and a Medal of Honor from the Republic of Viet Nam. Leaana has perhaps a more detailed knowledge of village salutations and a more coherent version of the family history, but the Associate Judges award Konelio a close decision on this criterion.

The fourth criterion is value to the village, family, and country. The judges choose Konelio on this criterion primarily because he seems more likely than Leaana to keep harmony within the family. This decision is not without its risks: as successor to Mulitauaopele Tamotu, Konelio must keep in mind that his function with respect to the communal lands and internal affairs of the family is to look after the interests of the members of the Pele (Tamotu) family he has been selected to lead. These interests may sometimes conflict with those of the other Pele (Ivi) family of which Konelio happens to be a blood member on his mother's side. Perhaps because he knows what war is like, Konelio appears to be a gentle person who prefers to avoid conflict. Nevertheless, he has testified that the two Pele families are different families, and he will presumably recognize his obligation to achieve and maintain harmony within the family of which he will be the sa'o, to protect its lands, and to maintain its honor.

*IV.    Conclusion*

For the reasons we have discussed, we deny the motion of Pele Ivi to dismiss the claim of Leaana and the objection of Konelio. We hold that Konelio Mulitauaopele has the right to hold the matai title Mulitauaopele.